UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY MARINE BOAT WORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> M/V GARDINA, OFFICIAL NO. 1117426 ITS ENGINES, TACKLE, MACHINERY, FURNITURE, APPAREL, APPURTENANCES, ETC., IN REM, AND DOES 1-10, <br><br> Defendant. | Case No.18-cv-01855-HSG <br><br> **ORDER GRANTING MOTION FOR INTERLOCUTORY SALE; GRANTING MOTION TO STRIKE; DENYING MOTION FOR ENTRY OF DEFAULT** <br><br> Re: Dkt. No. 21 |

Pending before the Court is a motion by Plaintiff Bay Marine Boat Works, Inc. (1) for interlocutory sale of the Defendant-Vessel *M/V Gardina* ("the Vessel"); (2) to strike the answer; and (3) for entry of default. Dkt. No. 21. For the reasons set forth below, Plaintiff's motion for interlocutory sale and motion to strike are **GRANTED**, and its motion for entry of default is **DENIED**.

**I. BACKGROUND**

    **A. Factual Allegations**

The Vessel is a yacht owned by Roger N. Carle. Dkt. No. 1 (Complaint, or "Compl.") ¶¶ 2, 5. On April 13, 2017, Plaintiff and Carle entered a repair and storage contract, under which Plaintiff agreed to repair the Vessel. *Id.* ¶ 6. On June 9, 2017, Plaintiff completed the repairs specified in the contract and prepared a "Change Order" regarding additional work to be done on the Vessel. *Id.* ¶ 10. The Change Order stated: "Please approve or decline within 24 hours of date of change order in order to meet new delivery date shown. The delivery date will be extended one additional day for each day the approval is delayed." *Id.*

By July 7, 2017, Carle still had not responded to the Change Order. *Id.* ¶ 12. As a result,

1 Plaintiff began charging him for "lay days," which amounted to "$208 each lay day the Vessel
2 remained on [Plaintiff's] dock awaiting Carle's approval of the change order." *Id.* Although
3 Carle did bring his account current in October 2017, he never responded to the Change Order, and
4 over time, the lay-day fees—and his balance—increased. *See id.* ¶¶ 13-17. On December 26,
5 2017, Carle partially paid off his balance, leaving an outstanding balance of $438.81. *Id.* ¶ 17.
6 That December 26 payment was the final payment Plaintiff received from Carle. *Id.* Lay day fees
7 have continued to accrue. As of March 21, 2018—five days before Plaintiff filed the Complaint in
8 this action—Carle allegedly owed $64,963.81. *See id.* at 5. At the time it filed its case
9 management statement on July 10, 2018, Plaintiff claimed that Carle owes at least $90,362.62.
10 *See* Dkt. No. 28 at 4.

11 Plaintiff brings suit, in part, under 46 U.S.C. § 31342(a), which confers upon "a person
12 providing necessaries to a vessel on the order of the owner or a person authorized by the owner" a
13 "maritime lien on the vessel," and permits that person to "bring a civil action in rem to enforce the
14 lien." "[N]ecessaries includes . . . the use of a dry dock." *Id.* § 31301(5) (internal quotation marks
15 omitted). Plaintiff alleges that this Court has admiralty jurisdiction under 28 U.S.C. §§ 1331 and
16 1333(1), and contends that it is entitled to sue on the contract and enforce its statutory maritime
17 lien for Carle's use of its dock. Compl. ¶ 23; *see also* 46 U.S.C. § 31342(a). Plaintiff requests, in
18 part: (1) "that all persons claiming any interest in the Vessel be cited to appear and answer this
19 Verified *in rem* Complaint"; (2) that its maritime lien for at least $64,963.81 be declared valid,
20 "together with all other amounts which have been or are required to be disbursed by or on behalf
21 of Plaintiff for the care, insuring, preservation, movement and storage of the Vessel while in
22 *custodia legis*, plus all other advances, expenses, attorneys' fees, costs and disbursements by
23 Plaintiff"; and (3) that the Vessel "be condemned and sold to pay the demands and claims of
24 Plaintiff . . . and that Plaintiff may become a purchaser permitted to credit bid any amounts
25 adjudged to be owing at any sale of the Vessel." Compl. at 4-5 (prayer for relief).

26 **B. Procedural Posture**

27 Plaintiff filed the Complaint on March 26, 2018. Dkt. No. 1. The same day, Plaintiff filed
28 an ex parte application for an order directing the Clerk to issue an arrest warrant for the Vessel,

Dkt. No. 3, and for an order appointing Plaintiff as the Vessel's substitute custodian, Dkt. No. 5. The Court granted the applications on March 30, 2018. *See* Dkt. Nos. 13, 15. The Vessel was arrested and transferred to Plaintiff as the substitute custodian on April 19, 2018. *See* Dkt. No. 16. Carle was served with a notice of the arrest on May 7, 2018. Dkt. No. 19. He filed an answer to the Complaint on May 25, 2018. Dkt. No. 20.

On June 21, 2018, Plaintiff filed this motion, Dkt. No. 21 ("Mot."), and concurrently moved to shorten time and advance the hearing on the motion from September 13, 2018 to July 17, 2018, Dkt. No. 22. The Court granted the motion to shorten time. Dkt. No. 23. Carle did not file an opposition until 8:41 p.m. on July 16, 2018, the day before the hearing. Dkt. No. 34.

## II. DISCUSSION

### A. Plaintiff's Motion for Interlocutory Sale Is Granted.

The Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions govern, *inter alia*, maritime actions in rem. Fed. R. Civ. P. Supp. R. A(1)(A)(ii). Rule E(9)(a) governs interlocutory sales:

> (i) On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:
>
> (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
>
> (B) the expense of keeping the property is excessive or disproportionate; or
>
> (C) there is an unreasonable delay in securing release of the property.

A plaintiff "need show just one of these criteria to obtain an interlocutory sale." *Shelter Cove Marina, Ltd. v. M/Y ISABELLA*, No. 3:17-cv-01578-GPC-BLM, 2017 WL 5906673, at *2 (S.D. Cal. Nov. 30, 2017) (highlighting the disjunctive language of the Rule) (citing *Cal. Yacht Marina—Chula Vista, LLC v. S/V OPILY*, No. 14-cv-1215-BAS-BGS, 2015 WL 1197540, at *2 (S.D. Cal. Mar. 16, 2015)); *see also Bank of Rio Vista v. VESSEL CAPTAIN PETE*, No. C 04-2736 CW, 2004 WL 2330704, at *2 (N.D. Cal. Oct. 14, 2004) ("Plaintiff need only satisfy one of the

3

three criteria listed in [Rule E] in order to permit the Court to order the interlocutory sale.").[1]

"A motion for interlocutory sale should generally not be granted unless the court has permitted defendants sufficient time to provide a bond to secure the vessel's release." *Vineyard Bank v. M/Y Elizabeth I, U.S.C.G. Official No. 1130283*, No. 08cv2044 BTM (WMC), 2009 WL 799304, at *2 (S.D. Cal. Mar. 23, 2009) (citing *Bank of Rio Vista*, 2004 WL 23340704, at *2). "As a general rule, defendants are given at least four months to bond a vessel absent some other considerations." *Id.* (citing *Bank of Rio Vista*, 2004 WL 23340704, at *2). Once such a motion is granted, Rule E(9)(b) further states that "the proceeds of sale shall be forthwith paid into the registry of the court to be disposed of according to law."

Plaintiff contends that all three criteria in Rule E(9)(a) are met. *See* Mot. at 6. The Court finds that Plaintiff has shown that the Vessel is "liable to deterioration" and that "the expense of keeping the property is excessive or disproportionate" within the meaning of the rule.

### 1. The Vessel is "liable to deterioration."

First, in support of its assertion that the Vessel is "liable to deterioration," Plaintiff submits a declaration by its operations manager, Gregory Goshay. *See* Dkt. No. 21-2 (Declaration of Gregory Goshay, or "Goshay Decl."). Goshay testifies that the Vessel's "hull is currently in an extremely deteriorated condition," in large part due to "galvanic corrosion." *Id.* ¶ 3. As a result, the boat cannot float. *See id.* "The boat is further suffering from general neglect inside and out," including "numerous signs of dry rot," leaks, and a strong mildew odor. *Id.* Moreover, the Vessel's "mechanical systems have . . . been completely dormant since it was hauled out on June 1, 2017." *Id.*[2] Accordingly, the Court finds that the Vessel is liable to deterioration under Rule E.

---

[1] The citation to Rule E in *Bank of Rio Vista* referred to an earlier version of the rule.
[2] In his late-filed opposition, Carle contends that "the mere fact that the Vessel is being stored out of water, thereby exposed to the elements and not being maintained or used, is insufficient to warrant an interlocutory sale." Dkt. No. 34 at 3. The only case Carle cites is *AmericanWest Bank v. P/V Indian*, No. 12cv1786 AJB (BGS), 2013 WL 784756 (S.D. Cal. Mar. 1, 2013), which is inapposite to this particular assertion. There, the court found only that the vessel did not satisfy the deterioration criterion because there was "no specific evidence suggesting deterioration, decay, or injury that [was] out of the ordinary for a vessel generally." *Id.* at *2. Moreover, Plaintiff *has* provided specific evidence of deterioration here, in the form of a declaration—which Carle altogether fails to address.

### 2. The cost maintaining the Vessel is "excessive or disproporationate."

Plaintiff also contends that the cost of maintaining the Vessel is "excessive or disproportionate." Specifically, Plaintiff filed declarations asserting that the cost of maintaining the Vessel far exceeds the cost of the Vessel itself. According to Goshay, the fair market value of the Vessel is an estimated $7,500. *See* Goshay Decl. ¶ 5. And, according to Sean Svendsen, Plaintiff's general counsel, Plaintiff's "daily custodial charges for the safe-keeping of the Vessel while it is maintained under arrest is $200/day." Dkt. No. 37 (Declaration of Sean Svendsen, or "Svendsen Decl.") ¶ 5.[3] Plaintiff began charging custodial fees the day after the Vessel was arrested, April 20, 2018. *Id.* ¶ 6. As of July 19, 2018, "the total amount of custodial fees incurred and charged by Bay Marine is $18,200," an amount which increases by the day. *See id.* More than $18,000 in maintenance costs plainly exceeds the Vessel's estimated $7,500 fair market value within the meaning of Rule E(9), and the case law supports that conclusion. *See, e.g.*, *Shelter Cove*, 2017 WL 5906673, at *3 (finding that maintenance costs amounting to 30 percent of the vessel's total value were excessive and disproportionate). Accordingly, the Vessel's maintenance costs are excessive and disproportionate within the meaning of Rule E.[4]

### 3. The interlocutory sale should take place no earlier than 30 days from the date of this order.

"[E]ven if one [Rule E(9)] criterion is met *it is nevertheless inappropriate* to order a sale before [the defendants] have been given a reasonable amount of time to release their property." *Bank of Rio Vista*, 2004 WL 2330704, at *2 (emphasis added). Thus, what remains is the question of whether Carle has received such a reasonable amount of time. A number of courts have recognized four months as presumptively reasonable. *See Vineyard Bank*, 2009 WL 799304, at *2 (citation omitted). The Vessel was arrested on April 19, 2018, which puts the four-month mark at August 19, 2018. *See Shelter Cove*, 2017 WL 5906673, at *2 (using vessel's arrest date as

---

[3] At the hearing on this motion, the Court directed Plaintiff to submit evidence supporting its assertions regarding maintenance costs. Plaintiff submitted the Svendsen Declaration in response.
[4] Because the criteria set forth in Rule E(9)(a)(i)(A) and (B) are satisfied, the Court need not reach the question of whether Rule E(9)(a)(i)(C) is satisfied, as Plaintiff only has to satisfy one criterion to justify an interlocutory sale. *See Shelter Cove*, 2017 WL 5906673, at *2.

beginning of four-month period); *Cal. Yacht Marina*, 2015 WL 1197540, at *4 (same); *Vineyard Bank*, 2009 WL 799304, at *2 (same); *Bank of Rio Vista*, 2004 WL 2330704, at *2 (same).

Here, the interlocutory sale should be postponed until *at least* August 19, 2018, when four months since the Vessel's arrest will have elapsed. *See Bank of Rio Vista*, 2004 WL 2330704, at *2 (granting motion for interlocutory sale but setting it to take place after the four-month period had passed). Moreover, the parties agreed at oral argument that the interlocutory sale could take place even later—namely, 30 days from the date of this order. Accordingly, the Court orders that the interlocutory sale take place no earlier than 30 days from the date of this order, in order to provide Carle with "a reasonable amount of time to release [his] property." *See id.* If, however, Carle "do[es] successfully secure release of the vessel prior to its sale, the execution of that sale shall be stayed." *See id.*

### B. Plaintiff's Motion to Strike Is Granted, and Its Motion for Entry of Default is Denied.

Plaintiff also contends that the Court should strike Carle's untimely and defective answer, Mot. at 9, and on those grounds seeks entry of default, *id.* at 11-12. Specifically, Plaintiff contends that Carle failed to "comply with the procedural requirements of Rule C(6)" because he filed an answer before filing a verified statement of interest. *See id.* at 9. It is true that the plain language of Rule C(6) contemplates that a person who answers a complaint in a maritime lien action has already filed the verified statement of interest. *See* Fed. R. Civ. P. Supp. R. C(6)(a)(iv) (stating that a person "who asserts a right of possession or any ownership interest must serve an answer within 21 days after filing the statement of interest or right") (emphasis added). Because Carle failed to file a verified statement of right or interest, and instead skipped straight to filing an answer, he appears to be out of compliance with the filing requirements of Rule C(6)—which the Ninth Circuit has made clear are to be strictly construed. *See U.S. v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (observing that "circuit courts consistently have held claimants to strict compliance with the provisions of Rule C(6)"). Accordingly, the Court grants Plaintiff's motion to strike Carle's answer, for non-compliance with the Federal Rules of Civil Procedure. *See* Fed.

R. Civ. P. 12(f) (permitting court to strike "immaterial" or "impertinent" matter from the record).[5]

Plaintiff also moves for entry of default on this basis. But regardless of whether entry of default is warranted, the Court finds that if Carle later moved to set aside the default there would be good cause to do so under Rule 55(c), particularly in light of the Court's approval of the interlocutory sale. Carle has also made clear that he wishes to participate in this action, the gross tardiness of his opposition to Plaintiff's motion notwithstanding. Thus, in the interest of judicial economy and deciding this matter on the merits, the Court denies Plaintiff's motion for entry of default. The Court exercises its discretion under Rule C(6)(a)(i)(B) and directs Carle to file a verified statement of interest and an answer no later than July 27, 2018, and to ensure that the filings are compliant with the relevant local and federal rules.

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion for interlocutory sale, which may take place no earlier than 30 days from the date of this order. Further, the Court **GRANTS** Plaintiff's motion to strike Carle's answer and **DENIES** Plaintiff's motion for entry of default. Carle is directed to file a verified statement of interest and an answer no later than July 27, 2018, and to ensure that the filings are compliant with the relevant local and federal rules.

**IT IS SO ORDERED.**

Dated: 7/23/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[5] The Court also notes that Carle's answer does not comply with the Admiralty and Maritime Local Rules, which require that "every pleading, statement of right or interest, or other paper as required by Fed. R. Civ. P. Supp. B, C, D, and G shall be upon oath or solemn affirmation, or in the form provided by 28 U.S.C. § 1746." Admir. L.R. 2-1.

7