UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY MARINE BOAT WORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> M/V GARDINA, OFFICIAL NO. 1117426 ITS ENGINES, TACKLE, MACHINERY, FURNITURE, APPAREL, APPURTENANCES, ETC., IN REM, AND DOES 1-10, <br><br> Defendant. | Case No. 18-cv-01855-HSG <br><br> **ORDER GRANTING MOTION TO DISMISS AND MOTION TO WITHDRAW** <br><br> Re: Dkt. Nos. 46, 52 |

Pending before the Court are (1) Plaintiff's motion to dismiss or strike the answer and counterclaims, *see* Dkt. No. 46 ("Mot."); and (2) defense counsel's motion to withdraw as attorney, *see* Dkt. No. 52. For the following reasons, the Court **GRANTS** both motions.

Plaintiff brought suit in March 2018, *see* Dkt. No. 1, under 46 U.S.C. § 31342(a), which confers upon "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner" a "maritime lien on the vessel," and permits that person to "bring a civil action in rem to enforce the lien." In July, the Court granted Plaintiff's motion for interlocutory sale of the Defendant-Vessel *M/V Gardina*, *see* Dkt. No. 38; the vessel was sold in August, *see* Dkt. No. 45. Roger Carle, the former owner of the *Gardina*, filed an answer in August, in which he asserted three state-law counterclaims against Plaintiff. *See* Dkt. No. 42.

## I. MOTION TO DISMISS

The district court may dismiss a case for failure to prosecute or for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the

orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.3d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise).

Courts "must weigh five factors" in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik*, 963 F.3d at 1260–61. A court need not make "explicit findings in order to show that it has considered these factors," although such findings are preferred. *Id.* at 1261. Here, the Court considers each factor in turn, and finds that they weigh in favor of dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). The *Gardina* has been sold, *see* Dkt. No. 45, Carle has been incommunicado since August, *see* Dkt. No. 52 at 7, the scheduled mediation was cancelled due to Carle's failure to participate, *see* Dkt. No. 53 at 2, and, despite the Court ordering him to appear at the hearing in person, *see* Dkt. No. 55, Carle was nowhere to be found. Carle's inattention to his claims contravenes the public interest in expeditious resolution of litigation.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants. *Pagtalunan*, 291 F.3d at 642. Carle's routine noncompliance in failing to appear at the hearing or communicate with his counsel weighs in favor of dismissal.

Third, "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Here, Carle has not provided any excuse—rather, he appears to have abandoned his case and thus this factor weighs in favor of dismissal. *See Mondala v. Wells Fargo Bank, N.A.*, No. 18-CV-01781-HSG, 2018 WL 3126392, at *2 (N.D. Cal.

June 26, 2018).

Fourth, the Court has attempted to avail itself of less drastic alternatives that have proven ineffective in advancing the case. The Court ordered Carle to appear at the hearing, *see* Dkt. No. 55, but despite counsel's many attempts to contact him, Carle neither communicated with counsel nor attended the hearing. Moreover, to the extent that Carle desires to continue to litigate his counterclaims, he may do so in state court.

Last, because "[p]ublic policy favors disposition of cases on the merits . . . this factor weighs against dismissal." *See Pagtalunan*, 291 F.3d at 643. However, this order does not bar Carle from pursuing his claims in state court, if he so chooses.

Because four of the five factors weigh in favor of dismissal, the Court finds that dismissal of Carle's case for failure to prosecute is appropriate.

Alternatively, dismissal is warranted because the *res* has been sold, and Plaintiff stated at the hearing that it will move for voluntary dismissal, meaning that the claims over which this Court had original jurisdiction will be dismissed. Accordingly, this Court declines to exercise its supplemental jurisdiction over Carle's counterclaims. *See* 28 U.S.C. § 1367(c)(3).

## II. MOTION TO WITHDRAW

In this district, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009). Under these rules, permissive withdrawal may be granted only by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The rules provide for permissive withdrawal on various grounds, including when the client "renders it unreasonably difficult for the member to carry out

3

the employment effectively" or "[t]he client . . . breaches an agreement or obligation to the member as to expenses or fees." *Id.*, Rule 3-700(C)(1). But an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property and papers).

More broadly, courts assessing a motion to withdraw engage in a balancing of the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm the administration of justice, or delay the case's resolution. *See Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

After engaging in a balancing of the equities, the Court concludes that counsel may withdraw from representing Carle in this action. Counsel "has not received a substantive response" from his client since August 30, 2018, despite attempting to contact him nearly 20 times. *See* Dkt. No. 52 at 5. Carle has not paid his legal bills since August. *See id.* at 4. Carle did not appear at the motion to withdraw hearing, despite the Court ordering him to do so. Because the Court is also dismissing Carle's counterclaims and Plaintiff intends to dismiss its remaining claims, permitting withdrawal will not prejudice any other litigants, harm the administration of justice, or delay this case's imminent resolution. Withdrawal is appropriate here, subject to the condition of counsel continuing to accept service of papers for forwarding to Carle unless and until Carle appears *pro se* or by other counsel. *See* Civ. L.R. 11-5(b).

\*   \*   \*

Because Carle has failed to prosecute his counterclaims and the Court declines to exercise its supplemental jurisdiction over them, Plaintiff's motion to dismiss is **GRANTED**. This dismissal is without prejudice to Carle's ability to pursue these California-law claims in state court. And because counsel is unable to communicate with his client, who appears to have abandoned ship, the Court **GRANTS** counsel's motion to withdraw.

4

1 //

2 **IT IS SO ORDERED.**

3 Dated: 12/7/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge